UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS GRAY, | ) | Case No. CV 22-1801-SVW (JPR) |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING FIRST AMENDED |
| v. | ) | COMPLAINT WITH LEAVE TO AMEND |
| | ) | |
| GRANT, | ) | |
| | ) | |
| Defendant. | ) | |

On March 17, 2022, Plaintiff, a state prisoner, filed pro se a Complaint alleging a violation of his Eighth Amendment rights under 42 U.S.C. § 1983. On May 12, 2022, he filed a First Amended Complaint. He sues California State Prison - Los Angeles County correctional officer Grant in his individual capacity.[1] (See FAC at 4 (the Court used the pagination generated by its Case Management/Electronic Case Filing system).) Plaintiff claims that on February 19, 2022, he "found [him]self in a crisis at which time [he] reached out for help by advising [Defendant]

---

[1] Plaintiff doesn't supply Defendant's first name.

that [he] was suicidal and was going to try to kill [him]self." (Id. at 6.)  Defendant replied, "Don't tell me," and "walked away." (Id.)  Plaintiff "then proceeded to slice [his] wrist in an attempt to take [his] life." (Id.)

After screening the FAC under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court finds that its allegations fail to state a claim on which relief might be granted.  Because the FAC might be cured by amendment, it is dismissed with leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (holding that pro se litigant must be given leave to amend complaint unless it is absolutely clear that deficiencies cannot be cured).  If Plaintiff desires to pursue his claim, he is ORDERED to file a second amended complaint within 28 days of the date of this order, remedying the deficiencies discussed below.

### STANDARD OF REVIEW

A complaint may be dismissed as a matter of law for failure to state a claim when "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (as amended) (citation omitted); accord O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008).  In considering whether a complaint states a claim, a court must generally accept as true the factual allegations in it.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).  The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation

omitted); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012) (finding that district court properly dismissed civil-rights claim when plaintiff's "conclusory allegations" did not support it).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Yagman v. Garcetti, 852 F.3d 859, 863 (9th Cir. 2017). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## DISCUSSION

**I.   The FAC Violates Federal Rule of Civil Procedure 8**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule's purpose is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (cleaned up). To comply with Rule 8, a complaint must allege sufficient facts "to enable the opposing party to defend itself effectively," and it "must plausibly suggest an

3

entitlement to relief, such that it is not unfair" to subject the sued party "to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); see also Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995) (Rule 8 requires that complaint provide "minimum threshold" giving defendant "notice of what it is that it allegedly did wrong"); McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (violation of Rule 8 is independent basis for dismissal even when complaint is not "wholly without merit").

The FAC violates Rule 8(a)(2) because Plaintiff states mostly conclusory allegations and very few facts. For example, although he allegedly alerted Defendant that he "was suicidal and was going to try to kill [him]self" (FAC at 6), he doesn't state exactly what he said to Defendant or that he even asked him for help. And he claims that he "slice[d]" his wrist but doesn't state the extent or persistence of any injury or if he required or received medical treatment for it. (Id.) Indeed, although he claims that "it could have all been prevented," he never explains what "it" or "all" is. (See id.) The FAC therefore fails to put Defendant on sufficient notice of the contours of Plaintiff's claim, thereby making it difficult for him to defend himself effectively. See Starr, 652 F.3d at 1216.

The FAC also violates Rule 8(a)(3), which requires that a claim for relief "contain . . . a demand for the relief sought." Plaintiff requests only that a jury "decide what awarded relief [he is] entitled to." (FAC at 7.) In any amended complaint, he must state with more specificity the relief he seeks or the amended complaint will be subject to dismissal on that basis

4

alone. See Seven Words LLC v. Network Sols., 260 F.3d 1089, 1098 (9th Cir. 2001) (observing that "useless statement, 'I was wronged and am entitled to judgment for everything to which I am entitled,'" would violate Rule 8(a)(3)); Castillo v. Johnson, No. EDCV 18-2187-VAP (KK), 2018 WL 5310840, at *4 (C.D. Cal. Oct. 25, 2018) (dismissing complaint under Rule 8(a)(3)).

**II.  The FAC Fails to State a Medical-Indifference Claim**

Plaintiff apparently advances a medical-indifference claim. (See FAC at 6 (claiming that Defendant violated Eighth Amendment by "[f]ail[ing] to [a]ct" and was "indifferent to [Plaintiff's] health and saf[e]ty").)

The Supreme Court has "treated medical care claims substantially the same as other conditions of confinement violations." Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124 (9th Cir. 2018). To establish a constitutional claim based on inadequate medical care, a plaintiff must show that the defendant was deliberately indifferent to his serious medical needs. Gamble, 429 U.S. at 104. A "serious" medical need exists when failure to treat the plaintiff could result in "further significant injury" or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Gamble, 429 U.S. at 104), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

2006) (citing McGuckin, 974 F.2d at 1059).  The defendant must have purposefully ignored or failed to respond to the plaintiff's pain or medical needs.  McGuckin, 974 F.2d at 1060.  An inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care, or a difference of opinion over proper medical treatment does not violate the Eighth Amendment. See Gamble, 429 U.S. at 105-07; Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

    To begin, Plaintiff doesn't allege a serious medical need. Although a "heightened suicide risk can present a serious medical need," Simmons v. Navajo Cnty., 609 F.3d 1011, 1018 (9th Cir. 2010), overruling on other grounds recognized by Rivera v. Sheppard, 859 F. App'x 218, 219 (9th Cir. 2021), a "generalized risk" cannot, Vivanco v. Cal. Dep't of Corrs. & Rehab., No. 1:17-cv-00434-BAM, 2019 WL 2764397, at *6 (E.D. Cal. July 2, 2019), aff'd, 817 F. App'x 492 (9th Cir. 2020).  Nothing suggests a heightened suicide risk here.  Although he claims to have "found [him]self in a crisis" (FAC at 6), Plaintiff doesn't allege if he had ever experienced such a crisis before or even what that crisis entailed.  Nor does he allege that he had previously attempted suicide, exhibited suicidal thoughts or behaviors, or been diagnosed with a mental illness.  At best, he alleges a generalized suicide risk.  See Vivanco, 2019 WL 2764397, at *6 (finding no serious medical need when plaintiff "reported feeling better without" psychiatric medicine and "appeared stable" during visits with mental-health staff); Harris v. Kyle, No. 1:19-cv-00462-DAD-EPG, 2022 WL 977050, at *9 (E.D.

Cal. Mar. 31, 2022) (no serious medical need because medical records didn't note "suicidal ideations" or "particular suicide risks"). And as noted, Plaintiff says nothing about the extent of any injuries from "slic[ing]" his wrist. (FAC at 6.)

    But even if Plaintiff had alleged a serious medical need, nothing suggests Defendant knew about it, much less that he purposely ignored it. For example, Plaintiff doesn't allege what exactly he told Defendant or what Defendant knew about his "crisis" (FAC at 6) or suicide risk. Nor does he allege that Defendant knew that he had some kind of blade available to "slice" his wrist. (Id.); cf. Harmon v. Lewandowski, No. LACV 20-09437-VAP-MRWx, 2021 WL 1557745, at *4-5 (C.D. Cal. Mar. 8, 2021) (finding that complaint stated medical-indifference claim because plaintiff "described" to defendant "how they intended to commit suicide, namely by swallowing all of the Tylenol pills they had in their cell"). Finally, given that Defendant allegedly "walked away," he apparently was not aware of any later injury to Plaintiff's wrist. (FAC at 6.) Indeed, Plaintiff alleges that Defendant was only "negligent" (id.), which doesn't constitute deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 835 (1994) (observing that "deliberate indifference entails something more than mere negligence").

    Finally, the FAC lacks specific allegations about the injuries allegedly caused by any deliberate indifference. Plaintiff doesn't allege the extent or persistence of any injury from his sliced wrist, whom he had told about the wrist and what their response was, or what treatment he has received, if any. Thus, the FAC fails to state a medical-indifference claim.

*********************

If Plaintiff desires to pursue his lawsuit, he is ORDERED to file a second amended complaint within 28 days of the date of this order, remedying the deficiencies discussed above. The SAC should bear the docket number assigned to this case, be labeled "Second Amended Complaint," and be complete in and of itself, without reference to the Complaint or FAC. **Plaintiff is warned that if he fails to timely file a sufficient SAC, the Court may dismiss this action on the grounds set forth above or for failure to diligently prosecute, or for both reasons.**[2]

DATED: May 27, 2022

JEAN P. ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

[2] If Plaintiff believes this order erroneously disposes of any of his claims, he may file objections with the district judge within 20 days of the date of the order. See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015) ("When a magistrate judge believes she is issuing a nondispositive order, she may warn the litigants that, if they disagree and think the matter dispositive, they have the right to file an objection to that determination with the district judge.").